UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 06-CV-150-GFVT

REGINALD S. CARR                                                                          PLAINTIFF

VS:                        **<u>MEMORANDUM OPINION AND ORDER</u>**

WARDEN MS. HASTINGS                                                          DEFENDANT


Reginald Carr, who is presently confined in the United States Penitentiary at Big Sandy ("USP-Big Sandy") in Inez, Kentucky, has filed a civil rights complaint. The Court has previously construed his claims as falling under: (1) 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), and (2) the Federal Tort Claims Act ("FTCA"), Title 28 U.S.C. §§1346(b), 2671-2680.

This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). The Court will address the plaintiff's motion to proceed *in forma pauperis* by separate order.

*Pro se* complaints are held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, under 28 U.S.C. §1915(e)(2), the district court can dismiss a case at any time if it determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

CLAIMS

The plaintiff alleges that the named defendants discriminated against him on the basis of his race (African American) and have thus violated his right to equal protection of the law guaranteed by the Fifth Amendment of the United States Constitution.  He further claims that USP-Big Sandy prison staff members have not only threatened his life, but have conspired to cause harm and injury to other African American prisoners confined in USP-Big Sandy. He claims that such action has violated his Eighth Amendment right to be free from cruel and unusual punishment.  Finally, the plaintiff alleges that prison staff caused through negligence (failure to render proper medical treatment) the death of another inmate, named Guzman.

NAMED DEFENDANTS

The plaintiff names the following defendants, all of whom he identifies as employees of USP-Big Sandy: (1) Wardens Suzanne Hastings; (2) Captain Gourdouze; and (3) Mr. A. Link, "SIS"(Systems Inmate Administrator).

ALLEGATIONS OF THE COMPLAINT

The *pro se* plaintiff initiated this action by filing a one page handwritten letter [Record No. 1].  In it, the plaintiff alleged that USP–Big Sandy officials had been responsible for the death of another inmate, whom he identified as "Inmate Guzman." He alleged that several officials at the prison had negligently failed to render medical care, and prescriptions to Inmate Guzman.  He alleges that these acts and or omissions caused Guzman's death.

On July 27, 2006 the Court entered a "Deficiency Order" [Record No. 2], in which it construed the Plaintiff's submission as a civil rights complaint asserting mixed claims under both

2

Bivens and the FTCA. The "Deficiency Order" further instructed the *pro se* plaintiff to either pay the $350.00 filing fee or to file a motion to proceed *in forma pauperis* under 28 U.S.C. §1915(a). The Plaintiff has now filed his *in forma pauperis* forms [Record No.5].

In a subsequently filed complaint form, [Record No. 6] the plaintiff reiterates his complaints about the prison staff's alleged negligence and failure to render medical aide. He claims those actions proximately caused Guzman's death. The plaintiff also asserts new and additional claims in his complaint. He alleges that the named defendants at USP-Big Sandy officials have threatened his life and have consistently discriminated against him, and other African American inmates, on the basis of their race.

Plaintiff claims that he filed a BP-8 "Attempt at Informal Resolution" regarding these claims but that he did not receive any response. He has filed nothing to indicate that he pursued any other appeals within the Bureau Of Prisons ("BOP") administrative remedy scheme. He attaches as proof of "alternative" exhaustion three letters he wrote to the *Washington Post*, U.S. Sen. Jim Bunning, and to the Inspector General of the United States' Department of Justice.

DISCUSSION
1. <u>Failure to Exhaust Constitutional Claims</u>

To the extent that the plaintiff alleges that he fears for his life at the hands of prison officials, the Plaintiff has filed nothing to indicate that he has sought emergency relief from the BOP under the provisions of 28 C. F.R. §542.18, which states as follows:

> If the Request [for Administrative Remedy, (BP-9)] is determined to be of an emergency nature which threatens the inmate's immediate health or welfare, the Warden shall respond not later than the third calendar day after filing.

28 C.F. R §542.18.

Thus, his Eighth Amendment claim of imminent fear for his life lacks merit. The plaintiff has not demonstrated that he took available measures to notify higher levels of the BOP.

Second, to the extent that the plaintiff complains of racial discrimination and the denial of equal protection under the Fifth Amendment, and claims of cruel and unusual punishment under the Eighth Amendment, he has failed to properly exhaust either claim. His broad assertion that his BP-8 went unanswered simply is insufficient to excuse him from pursuing a BP-9 appeal as to these claims with the Warden. Plaintiff does not allege that he even *attempted* to file a BP-9 with the Warden, much less the other two appeals (the Mid-Atlantic Regional Office and the Central Office) required under the BOP's regulations, 28 C.F.R. §§ 542.14-15.

Section 542.13(a) demands that an inmate first informally present his complaint to the staff [BP-8 form], thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request to the Warden [BP-9]. *See* §542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director [BP-10], and, if not satisfied with the Regional Director's response, the inmate may appeal that decision to the Office of General Counsel [BP-11]. *See* §542.15.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a), requires state and federal prisoners bringing actions concerning prison conditions, and any other incident to prison life, such as excessive force, to exhaust all available administrative remedies before suing in federal court. *See Porter v. Nussle*, 534 U.S. 122 S. Ct. 983 (2002); *Lavista v. Beeler*, 195 F.3d 254, 256 (6th Cir. 1999); *Ricks v. Peterson*, 26 Fed. Appx. 588, 2001 WL 1345089 (8th Cir. (Minn.) November 2, 2001) (Not selected for publication in Federal Reporter) (inmate was

4

required to exhaust administrative remedies before bringing suit based on inadequate conditions of confinement).

The United States Court of Appeals for the Sixth Circuit has held that the PLRA means what it says, expressly requiring exhaustion of administrative remedies before the bringing of new actions. *Wright v. Morris*, 111 F.3d 414 (6th Cir.), *cert. denied*, 118 S. Ct. 263 (1997). The Sixth Circuit has held that it is contrary to Congress's intent, in enacting the PLRA, to allow inmates to bypass the exhaustion requirement by waiting until their administrative remedies are time-barred. *Wright v. Morris*, 111 F.3d at 417 n.3. Unless the record demonstrates that the requirements of §1997e(a) have been met, a district court is required to dismiss without prejudice claims which have not been dismissed. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 119 S. Ct. 88 (1998). The burden is on the plaintiff to demonstrate exhaustion of his administrative remedies *prior* to filing the lawsuit. *Id.*

Under federal law, it is insufficient for a prisoner to merely claim that grievances were not answered satisfactorily or to begin the grievance process and not finish it. For any issue the plaintiff intends to raise, he must demonstrate exhaustion, or his attempts at exhaustion, before he can be considered to have substantially complied with the law. *See Wyatt v. Leonard*, 193 F.3d 876 (6th Cir. 1999).[1] Exhaustion is not jurisdictional; it is mandatory, *Wyatt v. Leonard*, 193 F.3d at 879, even if proceeding through the administrative system would be "futile." *Hartsfield v. Vidor*, 199 F.3d 305, 308-10 (6th Cir.1999).

---

[1]

*See also* unpublished opinions about the impermissibility of prisoners short-circuiting the system, alleging the futility of going further, and asking the court to rule they had done enough: *McRae v. Corrections Corp. of America*, 208 F.3d 214, 2000 WL 302772 (6th Cir. March 27, 2000); *Fisher v. Wickstrom*, 230 F.3d 1358, 2000 WL 1477232 (6th Cir. Sept. 25, 2000).

Mere allegations of compliance with grievance procedures, unsupported by documentary proof, are inadequate to demonstrate efforts or attempts to comply with the administrative remedy process.   In *Wyatt v. Leonard*, the court concluded that the plaintiff in that case had made an adequate showing that he had attempted to comply with administrative remedies, because the plaintiff had attached numerous letters he had filed and other persuasive documents.

Here, the plaintiff does not make any such showing. The Court rejects the plaintiff's argument that an unanswered BP-8 prevented him from taking his administrative appeals any further.  The Plaintiff is incorrect that the absence of a written denial of the BP-8 Request prevented him from pursuing further grievance efforts.  There is no language in §542.18 which requires an inmate to produce written denial of a BP-8 request prior to filing a BP-9.  The regulation provides as follows:

> **(a) Submission. The deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate form (BP-9), is 20 calendar days following the date on which the basis for the Request occurred.**
>
> (b) Extension.  Where the inmate demonstrates a valid reason for delay, an extension in filing time may be allowed.  In general, valid reason for delay means a situation which prevented the inmate from submitting the request within the established time frame. Valid reasons for delay include the following:  an extended period in-transit during which the inmate was separated from documents needed to prepare the Request or Appeal; an extended period of time during which the inmate was physically incapable of preparing a Request or Appeal; an unusually long period taken for informal resolution attempts; indication by an inmate, verified by staff, that a response to the inmate's request for copies of dispositions requested under §542.19 of this part was delayed.

§542.14 {Emphasis Added}

Clearly, in the absence of a written denial of the his BP-8 Request, the Plaintiff was authorized to pursue a BP-9 "Request for Administrative Remedy" with the warden regarding each and every claim he now asserts in this complaint.  Moreover, §542.18 clearly informs that "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."  §542.18.

Thus, contrary to the Plaintiff's contention, he was not prevented from pursuing any subsequent BOP administrative remedy, including but not limited to the emergency measure contained in §542.18. The record reflects that he did not pursue these necessary steps with regard to either his Fifth or Eighth Amendment claims.  They will be dismissed without prejudice to his exhaustion of the claims.

## 2. Plaintiff Lacks Standing to Assert Claims of Others

To the extent that the plaintiff alleges that USp-Big Sandy staff committed acts of negligence which resulted in the death of Inmate Guzman,  he may not proceed along these lines. The plaintiff can assert his own claims alleging violation of constitutional rights, but he does not have standing to assert claims on behalf of another.  Ordinarily, a party may not assert the rights of others, *County Court of Ulster County v. Allen*, 442 U.S. 140, 154-55, 99 S. Ct. 2213, 60 L. Ed.2d 777 (1979).  Constitutional claims are personal and cannot be asserted vicariously.  *See Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997);  *See also Russell v. United States*, 308 F.2d 78,79 (9th Cir. 1962) ("A litigant appearing *in propria persona* has no authority to represent anyone other than himself.").

 "When determining whether a party may assert the constitutional rights of others, a court must consider:  (1) whether the relationship of the litigant to the third party is such that the litigant is an effective proponent of the rights of the third party; and (2) whether the third party

is hindered in its ability to assert its own rights. *Singleton v. Wulff*, 428 U.S. 106, 114-16, 96 S. Ct. 2868 (1976); *Planned Parenthood Ass'n of Cincinnati, Inc.*, 822 F.2d [1390] at 1394 (6th Cir. 1987)." *Connection Distributing Co. v. Reno*, 154 F.3d 281, 295 (6th Cir. 1998).

Here, there is nothing to indicate that plaintiff can, or should, assume the role of representative or spokesman on behalf of the deceased Inmate Guzman, or Guzman's estate. Inmate Guzman's legal heirs or representatives may have standing to pursue claims relating to the alleged negligence resulting in his death, but Plaintiff Carr does not. Plaintiff Carr can assert his own claims in this Court (after he has administratively exhausted the claims) but he can not assert legal claims of other persons, estates or entities. That claim will be dismissed.

<u>CONCLUSION</u>

Accordingly, it is **ORDERED** that this action [06-CV-150-GFVT] is **DISMISSED WITHOUT PREJUDICE**, *sua sponte,* from the docket of the Court. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Defendants.

This  29th day of August, 2006.

Signed By:

*Gregory F. Van Tatenhove*

**United States District Judge**

8